1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| TERRY RAY COLEMAN, | ) | No. C 11-5728 LHK (PR) |
|---|---|---|
| Plaintiff, | )  )  ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) | |
| COUNTY OF SAN MATEO, et al., | )  ) | |
| Defendants. | )  ) | |

17

18

19

20

        Plaintiff, an inmate at Maguire Correctional Facility, proceeding *pro se*, filed a civil

rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff's motions for leave to proceed in forma

pauperis are granted in a separate order.  For the reasons stated below, the Court dismisses the

complaint with leave to amend.

**DISCUSSION**

21

22

23

24

25

26

27

28

A.    Standard of Review

        A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

§ 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Coleman728dwla.wpd

1   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

3   claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

4   statement need only "'give the defendant fair notice of what the . . . claim is and the grounds

5   upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

6   Although in order to state a claim, a complaint "does not need detailed factual allegations, . . . a

7   plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

8   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

9   do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."

10   *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

11   complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

12   at 1974.

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

14   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

15   the alleged violation was committed by a person acting under the color of state law. *See West v.*

16   *Atkins*, 487 U.S. 42, 48 (1988).

17   B.      Legal Claims

18      In his complaint, Plaintiff alleges that Detective Sergeant Linda Gibbons spoke with him

19   at San Quentin State Prison, but did not contact probate, and released his deceased wife's body

20   to the San Mateo County Coroner's office.  Plaintiff further complains that the coroner's office

21   released his wife's body to her sister, even though Plaintiff is the next of kin.  Plaintiff also

22   alleges that the coroner's office allowed his wife's sister to sign the death certificate without his

23   consent.  Plaintiff finally argues that the County of San Mateo's Sheriff's Department, and the

24   County of San Mateo are responsible for training and supervising Gibbons and other San Mateo

25   employees.

26      As presented, it is unclear what federal constitutional rights Plaintiff believes that

27   Defendants violated.  Plaintiff must state "enough facts to state a claim for relief that is plausible

28   on its face." *Twombly*, 127 S. Ct. at 1974.  To state a claim arising under federal law, it must be

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Coleman728dwla.wpd       2

1  clear from the face of Plaintiff's complaint that there is a federal question.  *See Easton v.*

2  *Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).  Further, Plaintiff's allegations

3  against the County of San Mateo are insufficient.  To impose municipal liability under § 1983 for

4  a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a

5  constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3)

6  that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4)

7  that the policy is the moving force behind the constitutional violation.  *See Plumeau v. School*

8  *Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

9       Plaintiff will be given an opportunity to amend his complaint, and set forth facts

10  sufficient to state a federal constitutional claim, if he can do so in good faith.  In his amended

11  complaint, Plaintiff must "set forth specific facts" regarding what Defendants did that violated

12  his federal constitutional rights.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

13       To the extent Plaintiff alleges that Gibbons defamed him, such an assertion fails to state a

14  cognizable claim.  *See Paul v. Davis*, 424 U.S. 693, 701-710 (1976) (recognizing that defamation

15  alone does not state a constitutional claim, even when done under color of state law).

16  Accordingly, Plaintiff's defamation claim will be DISMISSED without leave to amend.

17                                **CONCLUSION**

18       1.       Plaintiff's defamation claim is DISMISSED without leave to amend.  The

19  remainder of Plaintiff's complaint is DISMISSED WITH LEAVE to amend.

20       2.       Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date

21  this order is filed to cure the deficiencies described above.  The amended complaint must include

22  the caption and civil case number used in this order (C 11-5728 LHK (PR)) and the words

23  AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the

24  prior complaint by reference.  **Failure to file an amended complaint within thirty days and in**

25  **accordance with this order will result in dismissal of this action.**

26       3.       Plaintiff is advised that an amended complaint supersedes the original complaint.

27  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

28  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Coleman728dwla.wpd        3

1  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*

2  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

3        4.        It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

4  Court informed of any change of address by filing a separate paper with the clerk headed "Notice

5  of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

6  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

7  of Civil Procedure 41(b).

8        IT IS SO ORDERED.

9  DATED:  4/9/12

        *Lucy H. Koh*

10        LUCY H. KOH
        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Coleman728dwla.wpd        4